IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> MERIWETHER COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 3:25-cv-222-LMM |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, Plaintiffs Georgia State Conference of the NAACP, as an organization, James C. Bray, and James C. Clements, and Defendants Meriwether County Board of Elections and Registration, and Harmon David Caldwell, Mary McGill, and Mark Spradlin respectfully submit this Joint Preliminary Report and Discovery Plan.

1.  **Description of Case:**

    (a)  **Describe briefly the nature of this action.**

    This action challenges the 2022 redistricting plan presently used in electing members of the Meriwether County Board of Commissioners. Plaintiffs allege that the 2022 redistricting plan unlawfully denies Black voters in Meriwether County an

1

equal opportunity to elect candidates of choice in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and 42 U.S.C. § 1983.

**(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

The Meriwether County Board of Commissioners is comprised of five commissioners, each of whom is elected from a single-member district to serve a four-year term.  According to the 2020 Census, more than 35% of Meriwether County's population is Black.  All of the members of the Meriwether County Board of Commissioners are white.  There are no Black members of the Board.

Plaintiff Georgia State Conference of the NAACP is a non-partisan, non-profit membership organization that was founded in 1941.  Approximately one-hundred Georgia NAACP members currently live throughout Meriwether County.  Plaintiffs James Bray and James Clements are residents of, and registered voters in, Meriwether County.  Plaintiffs Bray and Clements are members of the Georgia NAACP.  The members of the Georgia NAACP and Plaintiffs Bray and Clements allege that they do not have an equal opportunity to elect a candidate of choice to the Meriwether County Board of Commissioners.

Meriwether County's current redistricting plan has been used in the 2022 and 2024 election cycles.  The plan will remain in place for the 2026, 2028, and 2030 Board of Commissioner elections, after which point it is likely the Georgia General Assembly will have to adopt a new redistricting plan based on 2030 Census data.

Plaintiffs allege that the 2022 redistricting plan does not comply with Section 2 of the Voting Rights Act and ask the Court to order the implementation of a new redistricting plan or election plan for the Meriwether County Board of Commissioners that does comply with Section 2 of the Voting Rights Act, and, if the General Assembly fails to enact or adopt a valid plan by the Court's deadline, order the adoption of a remedial plan that does not abridge or dilute the ability of Black voters to elect candidates of their choice.

**(c)    The legal issues to be tried are as follows:**

(1)    Whether, under the totality of circumstances, the 2022 redistricting plan for the Meriwether County Board of Commissioners unlawfully dilutes the voting strength of Black residents because it divides them between five single-member districts, preventing them from having an equal opportunity to elect a candidate of choice to the Board.

(2)    Whether the *Gingles* preconditions are satisfied in this case.

(3)    Whether remedial districts can be drawn that comply with *Thornburg v. Gingles* and its progeny, or whether other relief is appropriate so as to remedy the Section 2 violation.

(4)    Whether Plaintiffs have standing.

(5)    Whether Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and/or 42 U.S.C. § 1983 confers a private right of action.

  (6) Whether Plaintiffs' claims are barred by laches.

 (d) **The cases listed below (include both style and action number) are:**

  (1) **Pending Related Cases:** None

  (2) **Previously Adjudicated Related Cases:** None

2. **This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_x\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_x\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:** The following individually-named attorneys are hereby designated as lead counsel for the parties:

  **Plaintiffs:** John Powers, Joshua Polster

   **Defendants:** Bryan Tyson

4.  **Jurisdiction:** Is there any question regarding this Court's jurisdiction?

  __x__ Yes  ____No

**Plaintiffs** have no question regarding this Court's jurisdiction.

**Defendants'** questions regarding this Court's jurisdiction are explained in their motion to dismiss [Doc. 30].

5.  **Parties to this Action:**

  **(a)**  **The following persons are necessary parties who have not been joined:** None.

  **(b)**  **The following persons are improperly joined as parties:** None.

  **(c)**  **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

  **(d)**  **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.  **Amendments to the Pleadings:**

  **(a)**  **List separately any amendments to the pleadings that the parties anticipate will be necessary:** None.

  **(b)**  **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

> **(a)  Motions to Compel:** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
>
> **(b)  Summary Judgment Motions:** within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
>
> **(c)  Other Limited Motions:** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration. APP. B – 12
>
> **(d)  Motions Objecting to Expert Testimony:** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:** The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

No parties object to serving initial disclosures and agree that Initial Disclosures should be served fourteen (14) days after the issuance of the Court's order on Defendants' Motion to Dismiss, presuming the Court does not dismiss the case.

**9.     Request for Scheduling Conference:** Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time. The parties will discuss scheduling-related issues once the Court rules on Defendants' Motion to Dismiss, presuming the Court has not dismissed the case.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. APP. B - 13 (Rev. 12/01/25). Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate that discovery may be needed in the following subject areas:

- The facts and circumstances, including the political objectives of the General Assembly, leading to the endorsement and enactment of the 2022 Meriwether County Board of Commissioners redistricting plan;

- Facts relating to the extent to which the 2022 Meriwether County Board of Commissioners redistricting plan complies with traditional districting principles;

- Maps and demographics of Meriwether County;

- Facts related to the creation of alternative redistricting plans for Meriwether County Board of Commissioners;

- Past candidates, political campaigns, and election results in Meriwether County;

- Facts relating to the presence or absence of racially polarized voting;

- Registration and turnout data by race;

- Facts relating to the extent to which Black community members have been elected to the Meriwether County Board of Commissioners;

- The history of official discrimination relevant to Meriwether County voters;

- The extent of racial appeals in political campaigns in Meriwether County;

- The extent to which Black voters in Meriwether County bear the effects of discrimination in areas such as education, employment, and health, which hinder their ability to participate effectively in the political process;

- Facts relating to the responsiveness of the Meriwether County Board of Commissioners to the particularized needs of Black residents;

- The policy underlying the 2022 Meriwether County Board of Commissioners redistricting plan;

- Voting practices or procedures used by the Georgia state legislature in enacting redistricting plans affecting localities;

- Voting practices or procedures used currently or in the past by the Meriwether County Board of Commissioners;

- Standing of Plaintiffs;

- Extent of partisan polarization in voting patterns in Meriwether County;

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties believe a 6 month discovery track is necessary due to the complex nature of the case. Plaintiffs will seek documents from legislators during the legislative session, and the parties anticipate issues about claims for privilege for such materials. Parties may also engage multiple experts.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what

other limitations should be imposed? APP. B - 14 (Rev. 12/01/25)

Plaintiffs believe a 6 month discovery track is necessary.

    (b) Is any party seeking discovery of electronically stored information?

    ___x_____Yes  (1)  _____ No

If yes,

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties will meet and confer as necessary on the scope of production of electronically stored information.

    (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In most circumstances, the electronically stored data will be exchanged in commonly used formats such as Excel spreadsheets, PDFs, Word and common video or audio files. In the event files are in less commonly used formats, the parties will meet and confer about the best means for producing the data. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders: What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None.

13. **Privileged or Protected Material: Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?**

____x____Yes   _____ No

If yes,

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

The parties anticipate that any issues related to privileged materials will relate to third-party discovery from the Georgia General Assembly and legislators asserting legislative privilege. The parties will confer and advise the Court of any issues as they arise if direction or other orders are needed.

14. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 8, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff:** Lead counsel (signature):  */s/ John Powers*

Other participants: Joshua Polster, Preston Miller, Gail Podolsky, Hani Mirza, Jacob Lundqvist, Sonali Seth

**For defendant:** Lead counsel (signature):  */s/Bryan P. Tyson*

Other participants:

 (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

 (__x__) A possibility of settlement before discovery.

 (__x__) A possibility of settlement after discovery.

 (_____) A possibility of settlement, but a conference with the judge is needed.

 (_____) No possibility of settlement.

 (c) Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The date of the next settlement conference will be set after the Court's ruling on the pending Motion to Dismiss.

 (d) The following specific problems have created a hindrance to settlement of this case:

The parties are open to settlement discussions after a ruling on Defendants' pending Motion to Dismiss. Parties are open to participating in continuing settlement discussions, and will request formal settlement mechanisms such as mediation or

judicially supervised settlement conference if they conclude those mechanisms will be helpful.

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b) The parties (___x___) do not consent to having this case tried before a magistrate judge of this Court.

Dated: December 19, 2025                    Respectfully submitted,

/s/ *John Powers*
ADVANCEMENT PROJECT
John Powers*
Hani Mirza*
Sonali Seth*
1220 L Street Northwest
Suite 850
Washington, DC 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
sseth@advancementproject.org

PODOLSKY LAW LLC
Gail Podolsky (Ga. Bar No. 142021)
1100 Peachtree Street NE, Ste 900
Atlanta, Georgia 30309
(404) 282-7776
gail@podolsky-law.com

SIMPSON THACHER & BARTLETT LLP
Preston Miller*
Geoffrey Schmelkin*
Shinae Yoon*
Megan Lacombe**
900 G Street, NW
Washington, D.C. 20001
(202) 636-5500
preston.miller@stblaw.com
geoffrey.schmelkin@stblaw.com
shinae.yoon@stblaw.com

Joshua Polster*
Nihara K. Choudhri*
Jacob Lundqvist*
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
joshua.polster@stblaw.com
nchoudhri@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

**Pro Hac Vice Forthcoming

*/s/ Bryan P. Tyson*
CLARK HILL PLC
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
3630 Peachtree Road NE
Suite 700
Atlanta, GA 30326
Telephone: 678-370-4377
Facsimile: 678-370-4358

*Attorney for Defendants*

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. The document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

This 19th day of December, 2025.

*/s/ John Powers*
John Powers